IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON,<br>    #201901879,<br>        PETITIONER,<br><br>v.<br><br>DALE S. HANNA, DISTRICT ATTORNEY,<br>        RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 3:23-CV-88-K-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Scottie H. Gibson's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**I.    BACKGROUND**

Gibson, a state pretrial detainee in the Johnson County Jail, complains of speedy trial violations and lengthy pretrial incarceration. Doc. 3 at 2, 5-7. He is awaiting trial on a grand jury indictment charging him with multiple counts of sexual abuse and sexual assault of child and indecency with a child by sexual contact. *State v. Gibson*, No. DC-F202000027 (249th Dist. Ct. Johnson Cnty., Tex.). According to the state trial court docket sheet, he has court-appointed

counsel on his criminal charges.[1]  Gibson states he has been incarcerated for three years and one month without a trial.  Doc. 3 at 5; Doc. 4 at 1.  He requests to be released pending trial.  Doc. 3 at 7.

In 2022, Gibson filed in the Texas Court of Criminal Appeals four applications for writ of mandamus, writ of prohibition, and writ of habeas corpus.  All applications were denied.  *Ex parte Gibson*, Nos. WR-93,552-01 through -04 (Tex. Crim. App. 2022).  On January 6, 2023, Gibson filed a new application for writ of mandamus, which remains pending in the Court of Criminal Appeals.  *Ex parte Gibson*, No. WR-93,552-05.  In 2022, Gibson also unsuccessfully filed two prior federal habeas corpus petition under 28 U.S.C. § 2241, which this Court dismissed for failure to exhaust state court remedies.  *See Gibson v. Hanna*, No. 3:22-CV-2057-M-BT (N.D. Tex. Nov. 14, 2022), *notice of appeal filed*, No. 22-11165 (5th Cir.); *Gibson v. Hanna*, No. 3:22-CV-992-L-BT (N.D. Tex. Sep. 29, 2022), *certificate of appealability denied*, No. 22-10944 (5th Cir. Dec. 22, 2022).

Upon review, the Court finds that Gibson has again failed to properly exhaust available state court remedies.  Therefore, his petition should be dismissed.

**II.   ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary

---

[1] The trial court docket sheet is available by entering the case number (DC-F202000027) at https://pa.johnsoncountytx.org/PublicAccess/CaseDetail.aspx?CaseID=1041254 (last accessed Jan 18, 2023).

dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a

---

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2.

Gibson has not satisfied the exhaustion requirement. A review of his petition confirms that he did not file a state habeas application under Article 11.08 raising his speedy trial and unlawful pretrial detention claims in the trial court. Further, a search of online records reflects that no Article 11.08 state habeas application or appeal was filed.[3] And, as noted, Gibson unsuccessfully filed four motions for leave to file writs of mandamus, prohibition, and habeas corpus, which the Texas Court of Criminal Appeals denied. *See Ex parte Gibson*, Nos. WR-93,552-01, WR-93,552-02, WR-93,552-03, WR-93,552-04 (Tex. Crim. App. 2022). As such, the Texas Court of Criminal Appeals has not had an opportunity to consider Gibson's speedy trial and unlawful pretrial detention claims; thus, they remain unexhausted.

### III. CONCLUSION

For all these reasons, Gibson's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on January 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Tenth District Court of Appeals and Court of Criminal Appeals docket sheets are available at https://www.txcourts.gov/10thcoa/ and https://www.txcourts.gov/cca/ (last accessed Jan. 18, 2023).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).